*BY THE COURT.
These depositions cannot be received. [157 The right to take and read depositions is not a common-law right. It is provided for in this state by statute, which requires notice to be given to the adverse party or his attorney; and no exception is made in the law for this class of cases. If the legislature intend to establish a different rule for divorce cases, than obtains in other cases, they must provide the rule.
A German witness was then produced, who did not understand English, and the court directed an interpreter to be sworn to interpret the oath to him, and his evidence to the court. The witness *158 proved that the defendant -lived in Fredericktown, Maryland, some years ago, with a woman he called his wife. She had a mulatto child, and he left her, came into this country, and married the complainant. No other evidence was offered of the marriage in Maryland.
BY THE COURT. The fourth section of the divorce act, 29 O. L. 432, authorizes the court, in application for divorce, in its discretion, to receive proof of cohabitation and reputation of the marriage of the parties. The marriage as to which this kind of evidence may be received, is the one sought to be dissolved, the marriage of the parties to the suit. We do not understand the statute as authorizing the court to admit reputation and cohabitation as proof of any former or other marriage which comes into question. But, if it were left to our discretion, we think a sound exercise of discretion would reject such evidence, unless under very particular circumstances.
The evidence cannot be received.
[Partially reported in Houpt v. Houpt, 5 O. 539.]